```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                    :
MUSAFIRI JEAN BIZURU, et al.
                                    :

     v.                             :    Civil Action No. DKC 24-1399

                                    :
U.S. CITIZENSHIP AND IMMIGRATION
SERVICES, et al.                    :
```

**MEMORANDUM OPINION**

Musafiri Jean Bizuru ("Mr. Bizuru) and Alexandre Maniragaba ("Mr. Maniragaba" and collectively, "Plaintiffs")[1] filed a complaint against United States Citizenship and Immigration Services ("USCIS"), United States Department of Homeland Security ("DHS"), and United States Department of State ("State Department") (collectively, "Defendants") on May 14, 2024, alleging that Defendants violated agency regulations regarding Plaintiffs' refugee applications, and that this court has jurisdiction to compel Defendants to follow agency regulations. (ECF No. 1).

On June 28, 2024, USCIS overturned the denials of Plaintiffs' refugee applications and "conditionally approved Plaintiffs for refugee resettlement, 'pending all necessary medical and security clearance and other required procedures.'"  (ECF No. 19-1, at 1;

---

[1] There were originally three Plaintiffs, but the third Plaintiff, Jean Pierre Ndaruhuste, filed a notice of voluntary dismissal on September 25, 2024. (ECF No. 28).

19-2). On July 19, 2024, Defendants filed a motion to dismiss for lack of jurisdiction. (ECF No. 19). On August 6, 2024, Plaintiffs filed a response in opposition to Defendants' motion to dismiss. (ECF No. 23). On August 20, 2024, Defendants filed a reply to Plaintiffs' response. (ECF No. 24). In its reply, Defendants acknowledged they were raising a new defense under Fed.R.Civ.P. 12(b)(6), and they stated they would "agree to an opportunity for Plaintiffs to respond." (*Id.* at 8). On August 23, 2024, Plaintiffs filed a motion to disregard a portion of Defendants' reply brief and for leave to file a surreply, asking the court to disregard the Defendants' 12(b)(6) argument, as well as disregard the Defendants' additional 12(b)(1) arguments or permit Plaintiffs to file a surreply. (ECF No. 25).

Under Local Rule 105.2(a), "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." A surreply may be granted "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D.Md. 2003) (citation omitted).

Here, Defendants' reply (ECF No. 24) raises new arguments not presented in Defendants' motion to dismiss (ECF No. 19). Specifically, Defendants' reply raises a new defense under Fed.R.Civ.P. 12(b)(6), and additional jurisdictional arguments under Fed.R.Civ.P. 12(b)(1). (ECF No. 24). Therefore, while the

2

court will not disregard the additional arguments advanced in Defendants' reply, Plaintiffs should be permitted to file a surreply to respond to the additional arguments in Defendants' reply.

Accordingly, the court will grant in part and deny in part Plaintiffs' motion to disregard a portion of Defendants' reply brief and for leave to file a surreply.  A separate order will be entered.

                                            /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge